UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4723

LINDA THOMPSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Deborah K. Chasanow, District Judge.
(CR-95-493-AW)

Submitted: April 30, 1998

Decided: May 20, 1998

Before NIEMEYER and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michele A. Ferris-Hansen, Greenbelt, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, Stuart A. Berman, Assistant
United States Attorney, Sandra Wilkinson, Assistant United States
Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Linda Thompson was convicted by a jury of one count each of conspiracy to commit postal robbery (18 U.S.C. § 371 (1994)) and aiding and abetting in the robbery of a post office (18 U.S.C. § 2114 (1994)). On appeal she alleges that the district court erred by admitting too much evidence concerning her addiction to heroin and that this excess evidence prejudiced the jury. Finding no reversible error, we affirm.

Thompson worked at the Lanham, Maryland, post office. By the summer and early fall of 1994, she was addicted to heroin, deeply in debt, and close to losing her job. The record discloses that Thompson used the drug nearly every day and that her habit cost $40-$60 per day, or approximately $1500 per month.[1]  Thompson frequently visited a known drug area in Washington, D.C., to buy and use heroin. Thompson eventually became close friends with another heroin addict named Anthony "Pee Wee" McDonald ("McDonald"). Thompson and McDonald often used heroin together, and McDonald occasionally bought heroin for Thompson when she could not afford to purchase it herself.

In September 1994, Thompson approached McDonald, who she knew was a convicted robber, and asked him if he was interested in robbing the post office where she worked. Thompson brought McDonald into the employee area of the post office, showed him the layout, and told him when and where the truck would arrive to pick up the day's receipts. Thompson also suggested that the robbery occur on a Saturday when fewer people would be around. McDonald and

_____

[1] At the time, Thompson's take-home pay was approximately $2200 per month, and the Government presented evidence showing that her non-drug expenses exceeded this amount.

2

two other accomplices robbed the post office the next month, entering through the employee entrance. Police eventually apprehended McDonald, and he confessed to the crime and implicated the other conspirators.[2]

At trial, the Government presented evidence concerning Thompson's drug addiction under two theories. First, the Government sought to place the crime in context by establishing Thompson's relationship with McDonald. Second, the Government wanted to show that Thompson was in great financial distress, which it asserted provided a motive for committing the charged offenses. The defense made a motion in limine to limit the amount of evidence presented, but the district court denied the motion.

We review the district court's decision to admit evidence concerning Thompson's drug addiction for abuse of discretion, and we will not reverse that decision unless it was "arbitrary and irrational." See United States v. Chin, 83 F.3d 83, 87 (4th Cir. 1996). Because we find that the evidence was properly admitted under both of the Government's theories, we find no such abuse here.[3]

While Fed. R. Evid. 404(b) generally prohibits the use of prior bad acts as evidence against an accused, that prohibition does not apply when the other criminal acts are "inextricably intertwined" or "were necessary preliminaries" to the charged offenses. Chin, 83 F.3d at 88. We agree with the district court's conclusion that it was necessary to explore the extent of Thompson's relationship with McDonald to show that she was the one who provided the inside information which allowed McDonald to rob the post office in the manner in which it was robbed. Moreover, even if Rule 404(b) governed the evidence in question, we find that the district court properly applied the test set forth in United States v. Rawle, 845 F.2d 1244 (4th Cir. 1988), and found that the challenged evidence was relevant to an issue other than

_____

**2** McDonald testified against Thompson at her trial.
**3** We note that Thompson does not challenge the Government's right to introduce evidence of her drug addiction; in fact, she offered at trial to stipulate that she was a heroin addict. Rather, Thompson alleges that at some unspecified point in the trial the Government presented too much evidence on this issue and that she was prejudiced thereby.

3

character (namely, Thompson's motive for committing the offenses), was necessary and reliable, and that its probative value outweighed the danger of unfair prejudice.

We therefore affirm Thompson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4